**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL K. LOVE,** ) | Case No.  1:09 CV 2703 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MARGARET BRADSHAW, Warden,** ) | |
| ) | |
| Respondent. ) | |

Petitioner Michael K. Love has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "§ 2254 Petition").  (**Doc #: 1**.)  He challenges the constitutionality of his conviction for murder with a firearm specification on three due process grounds and one ineffective assistance of counsel ground.  (Id.)

Pursuant to Local R. 3.1, the case was transferred to Magistrate Judge George J. Limbert for issuance of a briefing schedule and preparation of a Report and Recommendation ("R & R).  (See non-document entry of 2/10/10; Doc #: 3.)  Respondent Margaret Bradshaw filed a motion to dismiss (Doc #: 5), after which Petitioner filed a reply brief (Doc #: 7).  Petitioner then filed a motion to stay proceedings and hold the Petition in abeyance.  (**Doc #: 8**.)  Therein, Petitioner asserted that he had recently discovered that his verdict form did not contain a finding for the *mens rea* element of the charge under O.R.C. 2903.02(B).  He requested a stay because he planned to submit a "Motion to Terminate Judgment and Sentence" and seek re-sentencing pursuant to Ohio Rule of Criminal Procedure 47.  (Id.)  After reviewing the stay motion, the

briefs and the record, the Magistrate Judge issued an R & R, finding that Petitioner had procedurally defaulted all claims (which were also time-barred), and recommending that the Court deny the motion to stay and dismiss the § 2254 Petition in its entirety with prejudice. (**Doc #: 10**).

Petitioner has filed an objection to the R & R. (**Doc #: 11**.) With regard to the recommended rulings on the four grounds for relief, Petitioner vaguely argues that the Magistrate Judge erred when he found that Petitioner "does not meet the AEDPA's requirements" due to "extenuating circumstances, where a failure to review would as a matter of law, result in a true continuous miscarriage of justice"; that Petitioner "was entitled to have competent trial and appellate counsel;" and that he "exercised good cause and due diligence in bringing these issues to the attention of the lower state courts in many different forms." (Id. at 1.) As a matter of law, these generalized objections are insufficient to warrant de novo review of the Magistrate Judge's recommended rulings:

> When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. ; see also 28 U.S.C. § 636(b)(1). **General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object**." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

*Husband v. Warden, Lebanon Correctional Inst.*, No. 1:08-cv-766, 2010 WL 4513798, at *1 (S.D. Ohio Nov. 1. 2010) (emphasis added). Because Petitioner's generalized objections are insufficient to warrant de novo review of the four grounds for relief, they are overruled. *Id.*

-2-

The one specific objection that Petitioner focuses on is the Magistrate Judge's recommendation that the Court deny the motion to stay so that Petitioner can exhaust the verdict-form issue. Petitioner argues that his sentence is void because the jury verdict form relating to his felony murder conviction did not state the degree of offense or the *mens rea* element in violation of O.R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422 (2007). The Magistrate Judge addressed this argument as follows:

> A federal district court may stay federal habeas corpus proceedings in limited circumstances in order to allow a petitioner to exhaust unexhausted claims when he presents both exhausted and unexhausted grounds for relief in the petition. *Rhines v. Weber*, 544 U.S. 269, 277, . . . (2005). Issuing a stay is appropriate only when a district court finds that a petitioner has presented good cause for failing to exhaust the claims in state court, the unexhausted claims are not plainly meritless, and a petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 278.
>
> The undersigned recommends that the Court deny Petitioner's motion for a stay of the instant case. Petitioner has had ample opportunity to request and review the verdict forms and pursue this issue in the state courts. Further, Petitioner has not identified a federal constitutional claim and relies only on state court precedent. See ECF Dkt. #8 quoting *State v. Pelfrey*, 112 Ohio St.3d 422 at ¶ 14 (Ohio 2007). To the extent Petitioner's claim can be construed as implicating the Federal Constitution, it is almost certainly barred by res judicata. Since Petitioner failed to object to the allegedly deficient verdict form at trial, Ohio's contemporaneous objection rule would preclude review by the appellate court. *See State v. Williams*, 364 N.E.2d 1364, 1367 (Ohio 1977) ("This court has consistently held that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.") . . . Not only did Petitioner fail to object at trial, but he failed to raise this claim on direct appeal and the filing of the instant petition. There is no reason to grant the stay in the instant case because Petitioner has had a full opportunity to pursue state court remedies and failed to do so. *See Rhines*, 544 U.S. at 277 ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.")

(Doc #: 10, at 21, 22 (parallel citations omitted.)) Petitioner concedes that he is relying on state

-3-

court precedent. He contends, however, that the *Pelfrey* decision implicates such federal constitutional rights as due process, equal protection and the right to a fair trial. This argument is meritless.

In *Pelfrey*, the defendant was indicted for tampering with records in violation of O.R.C. 2913.42. Tampering with records is a misdemeanor absent a finding that the tampering involved government records – which would elevate the offense to a third-degree felony pursuant to O.R.C. 2913.42(b)(4). The jury found the defendant guilty, and the trial court imposed a sentence for a third-degree felony. Neither the verdict form nor the trial court's verdict entry stated the degree of the offense or a jury finding that the tampered records were government records. Under O.R.C. 2945.75(a)(2), "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." Based on O.R.C. 2945.75(a)(2), the *Pelfrey* court held that the defendant could only be convicted of the least degree of the offense under O.R.C. 2913.42, a misdemeanor.

Ohio appeals courts have uniformly rejected the argument that *Pelfrey* applies to convictions for murder under O.R.C. 2903.02 and aggravated murder under O.R.C. 2903.01. *State v. Brown*, 2010 WL 2413801, 2010-Ohio-2757 ¶ 18 (Ohio App. 5 Dist. Jun. 11, 2010) (aggravated murder and murder are "unclassified felonies to which no degree of offense is attached."); *State v. Bryant*, 2010 WL 3619573, 2010-Ohio-4401 ¶¶ 21,22 (Ohio App. 7 Dist. Sep. 13, 2010) (aggravated murder and murder "are considered 'unclassified' felonies, because they are not classified by degree of felony" and "the use of the word 'murder' alone constitutes a statement of the degree of the offense for purposes of R.C. 2945.75(A)"); *State v. Branco*, 2010

WL 3249867, 2010-Ohio-3856 ¶ 14 (Ohio App. 5 Dist. Aug. 16, 2010) ("murder (R.C. 2903.02) and aggravated murder (R.C. 2903.01) are both unclassified felonies to which no degree of offense is attached"). Moreover, at least one state appeals court has refused to apply *Pelfrey* to the appeal of a postconviction motion for re-sentencing because *Pelfrey* involved a direct appeal from a conviction. *Branco*, 2010-Ohio-3856 ¶ 14. Because the unexhausted verdict-form claim is plainly meritless and Petitioner has not presented good cause for failing to exhaust this claim in state court, the Court concludes that a stay is not warranted. *Rhines*, 544 U.S. at 278.

Accordingly, the Court **OVERRULES** Petitioner's objections (**Doc #: 11**), **ADOPTS** the Magistrate Judge's thorough and well-written R & R in its entirety (**Doc #: 10**), **DENIES** the motion for stay (**Doc #: 8**), and **DISMISSES WITH PREJUDICE** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     November 18, 2010*
**Dan Aaron Polster**
**United States District Judge**